ORIGINAL

452-15

Daniel Wilbur Johnson
TDCJ #1902292
Darrington Unit
59 Darrington Rd.
Rosharon, TX 77583

June 21, 2015
COA Case # 12-13-00382-CR
Tr. Ct. # 007-1059-13
Re: Petition for Discretionary Review

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 26 2015
Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS
JUN 26 2015
Abel Acosta, Clerk

To Whom It May Concern:

I did not receive a fair "bench trial" and pray for a "jury trial" to resolve my case. The records plainly show that my court-appointed lawyer poorly represented me, and the judge found me guilty when "reasonable doubt" flooded the entire prosecution. Basically, the plaintiff said I did things and I denied doing such things. Only one other person was there and saw everything: Russell Modisette. The DA confidently called Modisette as the only other state witness, and Modisette clearly testified that I did none of the things the plaintiff claimed. Essentially, the state's witness proved that the plaintiff was not telling the truth! How could any judge not find ample reasonable doubt? A jury would find lots to doubt. My own lawyer hated me. The appeal lawyer (unpaid) did nothing significant, just pushed paper. My sentence is excessive (40 years). People get less time for murder! At 46 years of age, this is a life sentence for me. My life is over because I was too poor to hire a real lawyer and I'm ignorant of the law. Also, Smith County is setting new records for fraud and injustice. God have mercy on us all.

Thank you for your consideration.

In Christ,
Daniel Johnson

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DANIEL WILBUR JOHNSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### PER CURIAM

Daniel Wilbur Johnson appeals his conviction for injury to an elderly individual, for which he was sentenced to imprisonment for forty years. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Thereafter, Appellant filed a pro se brief. We affirm.

## BACKGROUND

Appellant was charged by indictment with injury to an elderly person and pleaded "not guilty." The indictment further alleged that Appellant was twice previously convicted of a felony. The matter proceeded to a bench trial on November 4, 2013.

Peggy Dowdy testified that on May 3, 2013, Appellant was at her home.[1] Dowdy, who had become acquainted with Appellant through her church, often had Appellant perform odd jobs for her. Dowdy testified that Appellant, who had been drinking, began to antagonize one of her small dogs. She further testified that the dog responded by biting Appellant's lip. According to Dowdy, Appellant reacted by striking the dog and, then, striking her in the chest and choking

---

[1] At trial, Dowdy testified that she was sixty-eight years old.

her. Dowdy stated that Appellant continued choking her until she kicked him in the groin. Dowdy further stated that she drove Appellant home. She testified that when they arrived, she honked the horn and motioned to Russell Modisette, who lived with Appellant, to come to the car. Dowdy further testified that Appellant became angry and told her not to "tell him what to do." Next, according to Dowdy, Appellant proceeded to strike her in the head and face with his fist repeatedly. Dowdy was taken to the emergency room and treated for her injuries, which were chronicled by multiple photographs introduced into evidence.

Modisette testified that he was standing at the front door of the house and observed Appellant strike Dowdy only once. Appellant testified on his own behalf. He admitted he began drinking around noon that day and was very intoxicated. His testimony contradicted several of Dowdy's statements, and he denied striking Dowdy on that date. But he admitted that he previously had lied to a police detective about nearly all of the facts concerning the incident.

Ultimately, the trial court found Appellant "guilty" as charged. Following a punishment hearing, the trial court found the enhancement allegations in the indictment to be "true" and sentenced Appellant to imprisonment for forty years. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.

Thereafter, Appellant filed a pro se brief in which he raised the following issues: (1) he was denied effective assistance of counsel; (2) the trial judge exhibited bias or prejudice against him; (3) during the trial proceedings witnesses who had not yet testified ate lunch with witnesses who had previously testified; (4) the evidence supporting his conviction was contradicted by other evidence presented at trial; (5) the indictment/arraignment was erroneous because of "incorrect names"; (6) the time it took to indict/arraign him was too extensive; (7) he was unable

2

to hire a lawyer and gather witnesses for trial because he was not released on a personal recognizance bond; (8) and his trial lawyer advised him to lie by pleading "not true" to enhancement allegations. We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted* and the trial court's judgment is *affirmed*.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered March 31, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MARCH 31, 2015

NO. 12-13-00382-CR

**DANIEL WILBUR JOHNSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1059-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*